Bingler v. Insurance Co.

---

DORA E. BINGLER, as *Administratrix*, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.

No. 672.* (61 Pac. 673.)

1. LIFE INSURANCE—*Failure to Pay Premiums—Waiver of Forfeiture—Evidence.* A forfeiture of the two contracts of insurance sued on could have been claimed by reason of a failure to pay premiums. Instead of claiming a forfeiture, the company's general agent wrote the assured twice within fifteen days after he had defaulted, calling his attention thereto and requesting payment, which was promptly made. This was sufficient evidence in support of a replication of waiver to take the case to the jury.

2. ————— *Conduct after Waiver—Terms of Policy.* After assured had complied with the request for payment, the general agent sent health certificates to the assured, and advised him that payment would be recognized as such when he signed and returned them, but retained the money and deposited it with other moneys of the company. The failure of the assured to comply with this request, there being no provision therefor in the contract, did not relieve the company from the consequences of its waiver, if it did waive the forfeiture, or justify the court in withdrawing the issue therein from the jury.

3. ————— *Sickness of Assured—Notice to Company.* The assured was at the time he received the request for payment and complied therewith prostrated with a sickness from which he subsequently died. It was not necessary to prove notice of this fact to the company to sustain the reply of a waiver of the forfeiture.

Error from Douglas district court; S. A. RIGGS, judge. Opinion filed June 15, 1900. Reversed.

*Bishop & Mitchell*, for plaintiff in error.

*Alford & Clingman*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This was an action by the plaintiff in error against the defendant in error to recover upon

---

*Petition for order to certify denied by supreme court August 14, 1900.—REP.

two policies of insurance issued by the defendant in error upon the life of the plaintiff's husband. The defense made by the answer is that there was a forfeiture of the policy, occasioned by the non-payment of a premium due September 30, 1896. To this there was a reply of waiver of the forfeiture by requesting and receiving payment of premium after the forfeiture occurred. There was a trial to a jury, and upon the introduction of plaintiff's evidence the court sustained a demurrer thereto. Upon this action of the court the plaintiff in error principally rests her case.

Was there sufficient evidence of waiver to go to the jury? This is the question to be decided, and we must answer it in the affirmative. It therefore follows that the court erred in sustaining the demurrer and in denying the plaintiff a new trial. Payment of the premium was due September 30. On the 14th of October the general agent of the company for the state of Kansas and other territory wrote a letter to the assured, calling his attention to the fact that he had failed to make payment of the premium, and requesting that he give his attention thereto. Upon receipt of this letter the assured caused the premium to be forwarded to the general agent, at Kansas City, who retained the same until after the death of the assured, when he attempted to return it. The company's agent wrote twice after the default, requesting payment. In the first letter he suggested that he would like to have the premium by the 10th of October, as he must at that time make his report of collections on premiums to the company at its home office. The general agent, in acknowledging the receipt of the money, said that it would be accepted as payment when the assured should return to him, signed by himself, two health certificates. These were never sent; nor was there

anything in the policy requiring them as a condition to reinstatement. It was argued that there was such a custom—that is, a custom requiring health certificates to be sent by the assured under the circumstances. Of this there is no evidence in the record, nor is there any evidence in the record that the assured, or plaintiff, had any knowledge thereof.

It was said by the supreme court of the United States in *Insurance Co. v. Eggleston*, 96 U. S. 572, 24 L. Ed. 841 : "Any agreement, declaration or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract."

The evidence can be construed as showing or proving a request for payment of the premium after the occurrence of the fact upon which the forfeiture is claimed. The assured promptly caused payment to be made in response thereto. But it is argued that because at the time these premiums were paid the assured was sick of a disease which subsequently caused his death, and because the company's agent was not notified of that fact, therefore the company was not in possession of all the facts upon which to act and bind itself by the waiver of the forfeiture; that the sickness was a material fact, the knowledge of which was essential to enable the company to act respecting the forfeiture. In support of this contention, among other cases, we are cited to *Insurance Co. v. Wolff*, 95 U. S. 326, 24 L. Ed. 387. In that case there were two grounds of forfeiture relied upon, to wit: Non-payment of premium and residence within

a prohibited territory. At the time of the alleged waiver by receipt of the premium, the assured was sick of yellow fever in New Orleans, in the prohibited district. The court held that the receipt of the premium was a waiver as to the first ground of forfeiture but not as to the second. Not that it was essential for the company to know of the sickness of the assured in order to estop it as to the first ground of forfeiture, but that as to the second it was essential that the company be advised of the sickness in order to constitute a valid waiver of the forfeiture by reason of the residence within the prohibited district.

Something is said in counsel's brief in regard to the failure of the plaintiff to show any authority on behalf of the general agent to waive the forfeiture, in the face of the conditions of the policy in regard to waiver and the power of the agents in relation thereto. We take it that, under the evidence, counsel are not serious in this contention, especially in view of the decisions of our supreme court. (*Insurance Co. v. Gray*, 43 Kan. 498, 23 Pac. 637; *Insurance Co. v. Munger*, 49 Kan. 178, 30 Pac. 120.)

It necessarily follows that the judgment must be reversed and the case remanded to the district court with directions to award a new trial.

WELLS, J.: I concur in the judgment awarding a new trial, but do not agree to all that is said in the opinion.